UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD ALAN ROTH,

     Plaintiff,

v.                              Case No.:  6:20-cv-550-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

**<u>OPINION AND ORDER</u>**

     Plaintiff Donald Alan Roth filed a Complaint on March 30, 2020.  (Doc. 1).

Plaintiff seeks judicial review of the final decision of the Commissioner of the Social

Security Administration ("SSA") denying his claim for a period of disability,

disability insurance benefits, and supplemental security income.  The Commissioner

filed the transcript of the administrative proceedings (hereinafter referred to as "Tr."

followed by the appropriate page number), and the parties filed a joint memorandum

detailing their respective positions.  (Docs. 16, 24).  Additionally, Plaintiff filed a

reply brief in support of his position.  (Doc. 25).  For the reasons set forth herein, the

decision of the Commissioner is **REVERSED AND REMANDED** pursuant to §

205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**      **Social Security Act Eligibility**

     The law defines disability as the inability to do any substantial gainful activity

by reason of any medically determinable physical or mental impairment that can be

expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.      Procedural History

Plaintiff filed a claim for a period of disability, disability insurance benefits, and supplemental security benefits on November 2, 2016, alleging a disability onset date of September 24, 2016. (Tr. at 63).[1] Plaintiff's claim was denied at the initial level on January 17, 2017, and upon reconsideration on March 1, 2017. (*Id.*). Plaintiff requested an administrative hearing, which was held on December 11, 2018, before Administrative Law Judge ("ALJ") A. Benton. (*Id.* at 87-116). The ALJ issued an unfavorable decision on January 18, 2019. (*Id.* at 63-76). On February 5, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-7). Plaintiff then filed his Complaint with this Court on March 30, 2020, (Doc. 1), and the parties

---

[1] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations, however, do not apply in Plaintiff's case because Plaintiff filed his claim before March 27, 2017.

consented to proceed before a United States Magistrate Judge for all purposes, (Docs. 15, 18).  The matter is, therefore, ripe.

III.     **Summary of the Administrative Law Judge's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2021."  (Tr. at 65).  At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since September 24, 2016, the alleged onset date (20 [C.F.R. §§] 404.1571 *et seq.*, and 416.971 *et seq.*)." (*Id.*).[2]  At step two, the ALJ found that Plaintiff has the following severe

---

[2]  On December 3, 2018, Plaintiff's counsel sent the ALJ a letter stating, *inter alia*, that Plaintiff "would like to amend his onset date to December 1, 2017."  (Tr. at 418).  Then, during the December 11, 2018 hearing, Plaintiff's counsel again reiterated that Plaintiff would be amending his alleged onset date to December 1,

impairments: "degenerative disc disease of the cervical and lumbar spine and peripheral vascular disease (20 [C.F.R. §§] 404.1520(c) and 416.920(c))." (*Id.* at 66). At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§] 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (*Id.*).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except the claimant (1) can occasionally climb stairs and ramps; (2) can never climb ladders and scaffolds; (3) can frequently balance; (4) can occasionally stoop, kneel, crouch and crawl; (5) must avoid

---

2017. (*Id.* at 88-89, 115-16). Despite acknowledging Plaintiff's amended onset date at the hearing, the ALJ issued her decision denying Plaintiff's benefits with an onset date of September 24, 2016, Plaintiff's original alleged onset date. (*Id.* at 63-76). To complicate the issue further, on March 18, 2019, in his Appeal Brief in Support of Request for Review of Hearing Decision, Plaintiff's counsel asserted that Plaintiff was alleging disability beginning September 14, 2016. (*Id.* at 422). Finally, in their joint memorandum, the parties superficially acknowledge this issue and jointly assert that Plaintiff's current alleged onset date is December 1, 2017. (Doc. 24 at 1 n.1). The parties did not cite, and the Court cannot find, the Amended Alleged Onset Date Form that Plaintiff reportedly completed during the December 11, 2018 hearing. (*See* Tr. at 88-89, 115-16). Nonetheless, based on the parties' joint representation, (Doc. 24 at 1), the Court finds that Plaintiff's current alleged onset date is December 1, 2017, and because neither party argues that their side was prejudiced by the ALJ's failure to address the correct alleged onset date in her opinion, the Court finds that the mistake does not necessitate remand. *See Titles II & XVI: Onset of Disability*, SSR 83-20 (S.S.A. 1983) ("A change in the alleged onset date may be provided in a Form SSA-5002 (Report of Contact), a letter, another document, or the claimant's testimony at a hearing."); *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877-78 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) and concluding that an error is harmless if a correct application of the regulations would not contradict the ALJ's ultimate findings).

concentrated exposure to industrial types of vibration; and
(6) must avoid concentrated exposure to hazards such as
unprotected heights and moving mechanical parts.

(*Id.* at 66).  The ALJ also determined that Plaintiff "is unable to perform any past

relevant work (20 [C.F.R. §§] 404.1565 and 416.965)."  (*Id.* at 74).

At step five, considering Plaintiff's age, education, work experience, and RFC,

the ALJ determined that "[Plaintiff] has acquired work skills from past relevant work

that are transferable to other occupations with jobs existing in significant numbers in

the national economy (20 [C.F.R. §§] 404.1569, 404.1569a, 404.1568(d), 416.969,

416.969a, and 416.968(d))."  (*Id.* at 75).  Specifically, the ALJ, relying on Vocational

Expert ("VE") testimony, found that Plaintiff could perform work as a Short-order

cook (*Dictionary of Occupational Titles* ("DOT")# 313.374-014), and that there are jobs

that exist in significant numbers in the national economy that Plaintiff could

perform.  (*Id.*).  For these reasons, the ALJ held that Plaintiff "has not been under a

disability, as defined in the Social Security Act, from September 24, 2016, through

the date of this decision (20 [C.F.R. §§] 404.1520(g) and 416.920(g))."  (*Id.* at 76).

## IV.  **Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ

applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir.

1988), and whether the findings are supported by substantial evidence, *Richardson v.

Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are

conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial

evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

## V.    Analysis

On appeal, Plaintiff raises two issues. As stated by the parties, the issues are:

1.    Whether the ALJ erred by failing to resolve the conflict between the vocational expert's testimony and the DOT, and/or by failing to consider rebuttal evidence and Plaintiff's objections memorandum; and

2.    Whether the ALJ erred in his [sic] analysis of Plaintiff's reported symptoms and limitations.

(Doc. 24 at 6-7, 25). Upon consideration of the arguments being made, however, the Court finds that the parties have oversimplified their statement of the first issue and

that Plaintiff effectively raises three distinct issues.  The issues are as follows:  (1) whether the ALJ erred in her analysis of Plaintiff's reported symptoms and limitations, (*see id.* at 25); (2) whether the ALJ erred by failing to discuss Plaintiff's Post-Hearing Memorandum and Objections to the Vocational Witness' Testimony, (*see id.* at 9); and (3) whether the ALJ discharged her duty to resolve the apparent inconsistency between the VE's testimony and the DOT as it relates to Plaintiff's limitation to avoid concentrated exposure to hazards, (*see id.* at 7).

The Court finds it appropriate to address the issues in a logical order that mirrors the sequential steps of the ALJ's analysis.  For the reasons discussed below, the Court finds that remand is required at the final step of the sequential analysis because the ALJ failed to consider and address Plaintiff's Post-Hearing Memorandum and because the ALJ failed to discharge her duty to resolve the apparent inconsistency between the VE's testimony and the DOT as it relates to Plaintiff's limitation to avoid concentrated exposure to hazards.

### A.  The ALJ Properly Completed a Subjective Symptom Evaluation.

Plaintiff argues that "[t]he ALJ erred by failing to perform a 'credibility' analysis consistent with 20 C.F.R. § 404.1529(c)."  (Doc. 24 at 25-38).  In support, Plaintiff contends that the ALJ's rationales were insufficient to determine that Plaintiff's self-described limitations were "inconsistent with the evidence of record." (*Id.* at 27-28 (citing Tr. at 73-74)).  Plaintiff also summarizes and cites a large portion of his medical history.  (*See id.* at 28-35).  He contends that these records establish that his testimony was not inconsistent with the record.  (*Id.* at 34).  Although the

ALJ cited to certain activities that Plaintiff engaged in, Plaintiff highlights that his history of climbing a tree occurred roughly one year before his amended alleged onset date, he was not necessarily sitting down for the entire duration of his fourteen-hour flight to the Philippines, and the ALJ should not rely on sporadic daily activities in completing the subjective symptom evaluation. (*Id.* at 36-37). Moreover, Plaintiff argues that the ALJ should have considered and mentioned Plaintiff's "impeccable work history" in assessing his "credibility." (*Id.* at 37-38).

In response, the Commissioner argues that the ALJ properly evaluated Plaintiff's subjective complaints under the regulations and Eleventh Circuit case law. (*Id.* at 39-48).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine whether it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then she must "articulate explicit and adequate reasons for doing so. Failure to

articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (citations omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

The Court finds that the ALJ's subjective symptom evaluation is supported by substantial evidence and the ALJ did not err by failing to expressly analyze Plaintiff's work history in the context of the subjective symptom evaluation.

As an initial matter, while Plaintiff refers to the ALJ's subjective symptom evaluation as a "credibility analysis," SSR 16-3p eliminates the use of the term "credibility" in the sub-regulatory policy. SSR 16-3p, 81 Fed. Reg. 14166, 14171.[3] SSR 16-3p stressed that, when evaluating a claimant's symptoms, the adjudicator will "not assess an individual's overall character or truthfulness" but instead "focus

---

[3] Plaintiff does note this, stating, "Plaintiff will continue to use the word credibility in this section of the brief, since it is in common usage, but only means by using it the Agency's required analysis of consistency and supportability." (Doc. 24 at 26 n.12).

on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities." *Id.* SSR 16-3p clarifies that adjudicators will consider whether the "individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record." *Id.* at 14170. The ALJ's opinion, read in context, did not assess Plaintiff's "character or truthfulness," but rather, consistent with the two-step process for evaluating symptoms, it assessed Plaintiff's subjective complaints and found that they conflicted with the other evidence in the record. (*See* Tr. at 73-74 (citations omitted)); *see also* SSR 16-3p, 81 Fed. Reg. 14166, 14170-71; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 n.3 (11th Cir. 2018).[4]

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but his statements concerning intensity, persistence, and the limiting effects of those

---

[4] "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990)). While Social Security Rulings are not binding on the Court, they are still afforded "great respect and deference, if the underlying statute is unclear and the legislative history offers no guidance." *Id.* (citing *B. ex rel. B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981)).

symptoms were not entirely consistent with the medical and other evidence of record for the reasons she stated in her decision.  (Tr. at 73-74).

The ALJ discussed Plaintiff's allegations of pain, weakness, and swelling, but contrasted this testimony with Plaintiff's reports of not using prescribed medication, conservative treatments, reported effective radiofrequency ablations, physical examinations showing consistently normal range of motion of the extremities, receipt of unemployment benefits in the first quarter of 2018 in which Plaintiff certified that he was able to work, and activities of daily living such as Plaintiff's ability to climb a tree in December of 2016 and fly on a plane for fourteen hours to stay in the Philippines for a month.  (*Id.* at 73-74).  The ALJ also completed an in-depth discussion and summary of Plaintiff's medical records.  (*Id.* at 67-73).  After considering Plaintiff's subjective symptoms and the associated medical evidence, the ALJ made a determination, supported by substantial evidence, that Plaintiff could perform light work activity with some limitations, consistent with the RFC finding.  (*Id.* at 66).

The Court is similarly unpersuaded by Plaintiff's argument that the ALJ failed to identify inconsistencies in Plaintiff's reported symptoms.  (*See* Doc. 24 at 34).  Rather, the ALJ provided ample examples of inconsistencies within the record.  (Tr. at 73-74 (citing Tr. at 840, 1148, 1313, 963, 970, 496, 690, 720, 730, 739-41, 829, 856, 969, 1094, 1106, 1150, 1292-93, 329)).  Moreover, Plaintiff cites multiple portions of the record that were expressly cited and considered by the ALJ.  (*See* Doc. 24 at 8-35).

The Court finds that Plaintiff's citations to portions of the record expressly considered by the ALJ do not bolster Plaintiff's argument that the ALJ's subjective symptom evaluation is unsupported by substantial evidence.  The subjective symptom evaluation is the province of the ALJ and this Court declines to disturb it in light of the substantial supporting evidence in the record cited by the ALJ.  *See Foote*, 67 F.3d at 1562.  Moreover, when the ALJ conducts the subjective symptom evaluation "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision, so long as the ALJ's decision enables the district court to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Adams v. Comm'r of Soc. Sec.*, 586 F. App'x 531, 533 (11th Cir. 2014) (quotations omitted).  Here, upon reviewing the record, the Court finds that the ALJ considered Plaintiff's medical history treatment and appropriately found it inconsistent with Plaintiff's subjective complaints of pain.  (*See* Tr. at 73-74).

Moreover, the Court notes that Plaintiff's own briefing highlights inconsistencies between the record and Plaintiff's subjective symptom allegations. For example, while Plaintiff testified that the radiofrequency ablation treatment had not helped improve the swelling in his legs, (Doc. 24 at 28 ("The radiofrequency ablations *did not work* as he continued to have swelling in his feet and legs, even with medication.") (emphasis in original and citing Tr. at 97)), the record shows the opposite result, (*id.* at 34 ("he did experience some improvement in leg swelling with ablations"); *see also* Tr. at 970 ("Mr. Roth is doing well after radiofrequency ablation . . . [h]is symptoms have improved greatly.")).

Further, the Court is not persuaded by Plaintiff's argument that the ALJ should not have relied on Plaintiff's ability to climb a tree as it occurred a year before the amended alleged onset date.  The ALJ may rely on all of the evidence in the record.  Additionally, even though the tree climbing occurred a year before the amended alleged onset date, the record shows that Plaintiff still reported debilitating back pain during that period.  (*See* Tr. at 684, 831-33; *see also* Tr. at 69 (citing Tr. at 828 ("Lower Back Reported by patient . . . Quality:  throbbing; sharp; deep; frequent [and] Severity:  pain level 10/10; worst pain 10/10.")))  More importantly, the ALJ did not rely on this lone event, but relied on it in concert with multiple other factors. Similarly, the Court is not persuaded by Plaintiff's assertion that a fourteen-hour flight is immaterial to the ALJ's determination.  The ability to endure a fourteen-hour international flight plainly shows Plaintiff's ability to undertake activities inconsistent with his alleged subjective symptoms.

Finally, the Court finds that the ALJ did not err by failing to explicitly discuss Plaintiff's work history in the context of the subjective symptom determination. Plaintiff argues that his work history bolsters his credibility, but as stated above, the ALJ's determination assesses consistency and supportability, not Plaintiff's credibility.  *See* SSR 16-3p, 81 Fed. Reg. 14166, 14170-71; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 n.3 (11th Cir. 2018).  To be sure, the ALJ was required to *consider* all of the evidence presented, including Plaintiff's work history, *see* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), however, she was not required to expressly *discuss* it, *see Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL

3381714, at *10 (M.D. Fla. Aug. 7, 2017) (finding that the ALJ did not err by failing to discuss a plaintiff's work history in the context of the credibility assessment). Moreover, the ALJ considered Plaintiff's work history in her determination.  (Tr. at 65-66 (noting that Plaintiff attempted to work through 2017), 69 (noting that Plaintiff worked at Domino's in 2016), 74-75 (noting that Plaintiff had acquired transferable work skills from his prior experience in skilled work)).  The ALJ also considered Plaintiff's testimony during the hearing in which he stated that he worked as a cook at the "Sunshine Restaurant" for 12 years, (*id.* at 93), he was a "workaholic," (*id.* at 94, 113), and he wanted to continue to work until he the age of 70, (*id.* at 113).

In sum, the Court finds that the ALJ considered the entire record of evidence and appropriately found it inconsistent with Plaintiff's subjective complaints of pain. (*See* Tr. at 73-74); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the Court] to conclude that [the ALJ] considered [Plaintiff's] medical condition as a whole.") (quotations omitted and citing *Foote*, 67 F.3d at 1558).  Accordingly, the ALJ's subjective symptom determination is supported by substantial evidence and the ALJ's decision is due to be affirmed as to this issue.

**B.    The ALJ Erred by Failing to Discuss Plaintiff's Post-Hearing Memorandum and Objections to the Vocational Expert's Testimony.**

Plaintiff argues that the ALJ erred by failing to acknowledge or discuss Plaintiff's Post-Hearing Memorandum and Objections to the Vocational Witness' Testimony.  (Doc. 24 at 9-15; *see also* Tr. at 426-28).  Specifically, Plaintiff contends that the ALJ's failure to provide a basis for rejecting the Post-Hearing Objections undermines the ALJ's step five findings and precludes meaningful judicial review.  (Doc. 24 at 11).  Plaintiff asserts that he has "an absolute right to . . . have the ALJ explain [her] reasons for rejecting probative objections or rebuttal evidence."  (*Id.* at 12).  Additionally, Plaintiff states that he "does *not* assert that his rebuttal evidence should be accepted for the 'truth of the matter.'"  (*Id.* at 15 (emphasis in original)).  Nonetheless, Plaintiff describes the rebuttal evidence as Occupational Requirements Survey ("ORS") data, which states that roughly eighty percent of the short order cook jobs available in the national economy are performed at the medium level of exertion.  (*Id.* at 13 (citations omitted); *see also* Tr. at 426-28).  Plaintiff concludes that the ALJ's failure to address Plaintiff's Post-Hearing Memorandum leaves a gap in the record, which effectively deprives the ALJ's decision of substantial evidence.  (Doc. 24 at 15).

In response, the Commissioner argues that the ALJ was not required to address Plaintiff's Post-Hearing Memorandum.  (*Id.* at 18-24).  Specifically, the Commissioner contends that, because Plaintiff had the opportunity to challenge the VE's testimony during the hearing, the ALJ's failure to address Plaintiff's Post-

Hearing Memorandum was not an error.  (*Id.* at 18).  The Commissioner also asserts that the Hearings, Appeals, and Litigation Law Manual ("HALLEX"), a policy manual written by the Social Security Administration to provide guidance on procedural matters,[5] does not carry the force of law and is not binding on the Commissioner.  (*Id.* at 18-2).  As a related matter, the Commissioner cites to Fifth Circuit case law holding that while "the Commissioner must follow the HALLEX, . . . the claimant must show he or she was prejudiced by a lack of compliance with the HALLEX to obtain remand."  (*Id.* at 20 (citing *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000))).  The Commissioner contends that if the Court were to apply the Fifth Circuit's standard, the ALJ's decision should still be affirmed because Plaintiff cannot demonstrate that he was prejudiced by the ALJ's failure to address the Post-Hearing Memorandum.  (*Id.* at 22).  Ultimately, the Commissioner concludes that the ALJ's decision should be affirmed as it was supported by substantial evidence based on the VE's testimony.  (*Id.* at 23-24).

Through his reply, Plaintiff states that "the assignment of error is the ALJ's complete failure to acknowledge or discuss rebuttal evidence regarding VE testimony, and that her failure to do so precludes meaningful judicial review."  (Doc. 25 at 3).  Plaintiff supports this assertion and argues that the ALJ's decision is due to be remanded.  (*Id.* at 2-5).

---

[5] *See* Social Security Administration, *HALLEX:  Hearings, Appeals, and Litigation Law Manual*, https://www.ssa.gov/OP_Home/hallex/hallex.html.

In completing the five-step sequential process, the ALJ has a duty to develop a full and fair record, whether the claimant is represented by counsel or not. *Mosley v. Acting Comm'r of Soc. Sec. Admin.*, 633 F. App'x 739, 741 (11th Cir. 2015) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). Nevertheless, the claimant bears the burden of proving that he is disabled and, accordingly, is responsible for producing evidence to support his claim. *Id.* Moreover, remand is required when:

> "[T]he record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 2015). In other words, "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Id.* Prejudice requires a showing that "the ALJ did not have all of the relevant evidence before [her] in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching [her] decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985).

*Id.* at 742.

After the hearing, a claimant may object to testimony given at the hearing and submit rebuttal evidence if either the claimant's limitations or "unusual, unexpected, or unavoidable" circumstances prevented the claimant from submitting the evidence before the hearing. 20 C.F.R. §§ 404.935(b), 416.1435(b). If the claimant properly submits post-hearing evidence and the evidence is relevant to his limitations, the ALJ must consider it. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

Additionally, while the Eleventh Circuit has not decided whether the HALLEX carries the force of law, *McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596,

599 (11th Cir. 2016), HALLEX Rule I-2-6-74 requires that "the ALJ must . . . rule

on any objection [to the vocational expert's testimony] on the record during the

hearing, in narrative form as a separate exhibit, or in the body of his or her decision."

*I-2-6-74*, *Testimony of a Vocational Expert*, Social Security Administration,

https://www.ssa.gov/OP_ Home/hallex/I-02/I-2-6-74.html (last updated June 6,

2016).[6]

Similarly, SSR 96-9p provides, *inter alia*, "[w]henever a VE is used, the

[claimant] has the right to review and respond to the VE evidence prior to the

issuance of a decision.  The VE's opinion is not binding on an [ALJ], but must be

weighed along with all other evidence."  *Titles II & XVI:  Determining Capability to Do*

*Other Work-Implications of A Residual Functional Capacity for Less Than A Full Range of*

*Sedentary Work*, SSR 96-9P, 1996 WL 374185, at *9 n.8.

Here, Plaintiff's Post-Hearing Memorandum seeks to undermine the VE's

testimony regarding job numbers by presenting evidence and data from the ORS

showing that Plaintiff cannot perform a majority of the short order cook jobs that

ALJ found Plaintiff could perform.  (*See* Tr. at 75, 103-06, 426-28).  Upon review of

the record, the Court notes that the ALJ failed to include this memorandum as an

---

[6]  If the HALLEX does create judicially enforceable rights, remand is only required
where the plaintiff shows that (1) the ALJ violated a procedure in the HALLEX and
(2) the violation prejudices the plaintiff.  *See Warren v. Astrue*, 830 F. Supp. 2d 1369,
1372 (S.D. Fla. 2011); *Weber v. Comm'r of Soc. Sec.*, No. 2:16-cv-25-FtM-CM, 2017
WL 727765, at *3 (M.D. Fla. Feb. 24, 2017); *see also Carroll v. Comm'r of Soc. Sec.*, 453
F. App'x 889, 892-93 (11th Cir. 2011) (finding that the agency's violation of its own
governing rules must result in prejudice to support remand for agency
noncompliance).

exhibit in the record, let alone discuss or analyze it.  While the ALJ is permitted to rely on the DOT and VE testimony to support her decision, she is also required to, at minimum, consider post-hearing evidence properly submitted by the plaintiff.  *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* SSR 96-9P, 1996 WL 374185, at *9 n.8; HALLEX *I-2-6-74*, *Testimony of a Vocational Expert*, Social Security Administration, https://www.ssa.gov/OP_ Home/hallex/I-02/I-2-6-74.html (last updated June 6, 2016).

To begin, the Court finds that Plaintiff's Post-Hearing Memorandum was timely submitted and the ALJ, therefore, was required to consider its evidence. While a claimant is generally required to submit evidence at least 5 days before the hearing, 20 C.F.R. §§ 404.935(b)(3), 416.1435(b)(3) provide an exception to this 5-Day Rule.  *See* 20 C.F.R. §§ 404.935(b)(3), 416.1435(b)(3) ("If you have evidence . . . but you have missed the deadline [to submit it] . . . the [ALJ] will accept [it] if . . . she has not yet issued a decision and you did not . . . submit the evidence before the deadline because . . . [some] unusual, unexpected, or unavoidable circumstance beyond your control prevented you from . . . submitting the evidence earlier."). Moreover, this Court has previously found that evidence rebutting the VE's testimony, like the evidence here, satisfies § 416.1435(b)(3) because a claimant cannot reasonably predict the VE's testimony.  *McDaniel v. Saul*, No. 3:19-cv-1230-JRK, 2021 WL 1153198, at *4 (M.D. Fla. Mar. 26, 2021) (collecting cases).  Thus, because Plaintiff's Post-Hearing Memorandum was properly submitted to the ALJ,

the ALJ was required to consider its evidence.  *See* 20 C.F.R. §§ 404.1545(a)(1),

416.945(a)(1).

During the Hearing, Plaintiff's counsel requested two weeks to submit a post-

hearing brief on the VE's testimony, and the ALJ responded, "if you submit a post-

hearing brief by the time I issue a decision, I will take it into account." (Tr. at 113-

14).  Despite the ALJ's assertion, there is no evidence in the record that the ALJ

consider Plaintiff's properly submitted Post-Hearing Memorandum.  The ALJ did

not refer to the brief in her decision and it was not included in the record.  In fact,

Plaintiff's Post-Hearing Memorandum only appears in the record because it was

attached as an exhibit to Plaintiff's appeal to the Appeals Council.  (*See* Tr. at 418-

28).  Because the Post-Hearing Memorandum was entirely absent from the record

before the ALJ, despite being properly submitted, the Court cannot find that the ALJ

considered it.  *See Simmons v. Comm'r of Soc. Sec.*, No. 5:16-cv-20-Oc-PRL, 2017 WL

192369, at *2 (M.D. Fla. Jan. 18, 2017) (finding that the ALJ erred when he failed to

consider or discuss post-hearing evidence that was received six days before the ALJ

issued his decision).

Moreover, the Court finds that the ALJ's failure to consider Plaintiff's Post-

Hearing Memorandum resulted in clear prejudice to Plaintiff.  The evidence

contained within Plaintiff's Post-Hearing Brief calls the VE's testimony into

question, and while the ALJ was not required to afford Plaintiff's evidence

substantial weight, she was required to consider it.  *Kelley v. Heckler*, 761 F.2d 1538,

1540 (11th Cir. 1985) (holding that prejudice is shown when "the ALJ did not

consider all of the evidence in the record in reaching [her] decision."). Where, as here, the record is devoid of any indication that the ALJ considered Plaintiff's properly submitted evidence, thus resulting in an evidentiary gap in the record, prejudice has been shown. *See id.*

Accordingly, the Court finds that the ALJ committed a reversible error when she failed to consider and discuss the rebuttal evidence presented by Plaintiff's Post-Hearing Memorandum. *See Simmons*, 2017 WL 192369, at *2 (finding remand necessary where the ALJ failed to discuss post-hearing evidence and declining to improperly re-weigh the evidence by assessing the persuasiveness of the plaintiff's post-hearing evidence); *McDaniel v. Saul*, 2021 WL 1153198, at *4 ("The ALJ's failure to consider the [post-hearing evidence] is not harmless error because [the evidence] directly conflict[s] with the VE's testimony."); *Sams v. Berryhill*, No. 1:17-cv-15-CAS, 2017 WL 3974239, at *8 (N.D. Fla. Sept. 8, 2017) ("[W]here the reliability of the testimony concerning the DOT job descriptions . . . and the reliability of evidence that these jobs exist in significant numbers in the current national economy, has been shown to be questionable, the ALJ should have ruled in the decision in narrative fashion on the [post-hearing] objections filed by Plaintiff."); *Prince v. Berryhill*, No. 17-61255-CIV, 2018 WL 11346752, at *4 (S.D. Fla. June 21, 2018) (concluding that remand is required where the ALJ's discussion of post-hearing evidence rebutting the VE's findings "was limited to procedural discussions [and] there was no substantive discussion"). In sum, the Court finds that the ALJ's

failure to specifically address the rebuttal evidence within Plaintiff's Post-Hearing Memorandum constitutes reversible error.

Thus, as to this issue, the ALJ's decision is reversed and remanded for the ALJ to reconsider and expressly rule on Plaintiff's post-hearing evidence and to determine whether substantial evidence supports the ALJ's finding that there are significant numbers of jobs in the national economy that Plaintiff can perform.

### C.   The ALJ Erred by Failing to Resolve the Apparent Conflict Between the VE's Testimony and the DOT.

In the Joint Memorandum, Plaintiff argues that the ALJ erred under SSR 00-4p by failing to resolve an apparent conflict between the VE's testimony and the DOT.  (Doc. 24 at 7-9).  Specifically, because Plaintiff's RFC states that he "must avoid concentrated exposure to hazards," (Tr. at 66), and the *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles* ("SCO") reports that the job of short order cook "requires *frequent* exposure to 'other environmental conditions,'" Plaintiff contends that the VE's testimony conflicted with the DOT.  (Doc. 24 at 7 (emphasis in original)).  Plaintiff argues that this apparent conflict is obvious based on a "commonsense understanding of the job of short order cook[, which] would involve use of oil fryers, hot grills, knives, industrial dishwashers, meat slicers and other similar industrial kitchen hazards." (*Id.*).  Plaintiff concludes that the ALJ needed to address and resolve this apparent conflict under SSR 00-4p.  (*Id.* at 8).

In response, the Commissioner contends that Plaintiff failed to show an apparent conflict existed between the DOT and the VE's testimony.  (*See id.* at 17-

18).  Specifically, the Commissioner argues that the ALJ expressly limited Plaintiff's RFC hazard limitation by using the phrase "such as unprotected heights and moving mechanical machinery," and the short order cook job does not require exposure to either of those conditions.  (*Id.* at 17).  Additionally, the Commissioner contends that Plaintiff "is attempting to create a conflict that simply is not present based on a plain reading of the DOT and the ALJ's RFC finding."  (*Id.* at 18).  Thus, the Commissioner concludes that the VE's testimony was consistent with the DOT and no apparent conflict exists.  (*Id.*).

By way of reply, Plaintiff essentially reasserts his prior arguments regarding the obvious nature of the alleged apparent conflict.  (*See* Doc. 25 at 1-2).

At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).  "The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform."  *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004).  An ALJ may use the Medical Vocational Guidelines or may obtain the testimony of a vocational expert to determine whether there are jobs that exist in the national economy that a claimant can perform. *Winschel*, 631 F.3d at 1180.  If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a

hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)).

In addition, "the ALJ has an affirmative obligation to identify any 'apparent' conflict and to resolve it.  The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018).  Thus, an ALJ must ask the vocational expert whether a conflict between her testimony and the DOT exists and must ask for an explanation if there appears to be a conflict.  *Id.* at 1363.  Moreover, whenever a conflict is apparent, the ALJ must ask the vocational expert about it.  *Id.*  In carrying out that duty, the ALJ must do more than simply ask the VE whether his testimony is consistent with the DOT.  *Id.* at 1356.  An apparent conflict is a "conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony.  At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* at 1365.  "During or after the hearing, the ALJ is expected to take notice of apparent conflicts, even when they are not identified by a party, and resolve them." *Id.* at 1363.  This is an independent obligation of the hearing examiner.  *Id.*

Here, in response to the hypothetical posed by the ALJ, the VE testified that a hypothetical individual with Plaintiff's age, education, work experience, and RFC could perform the job of a short order cook, DOT# 313.374-014, which exists in significant numbers in the national economy.  (Tr. at 105).  Following the ALJ's

hypotheticals and the identification of the short order cook position by the VE, the ALJ asked whether the VE's testimony had been consistent with the DOT.  (*Id.* at 106).  The VE responded that his testimony was consistent with the DOT.  (*Id.*).  Accordingly, in her decision, the ALJ relied on the VE's testimony to determine that Plaintiff possessed the ability to perform the job of short order cook and thus was not disabled.  (*Id.* at 75-76).

Upon review of (1) the DOT description for the job of a short order cook, (2) Plaintiff's RFC limitation of "must avoid concentrated exposure to hazards such as unprotected heights and moving mechanical parts," and (3) the VE's testimony, the Court finds that an apparent conflict exists.

First, the DOT provides that a short order cook job involves "frequent[]" exposure to "Other Env[ironmental] Cond[itions]."  U.S. Dep't of Labor, DOT# 313.374-014, 1991 WL 672717.  Other Environmental Conditions are defined in the DOT's companion volume, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO"), as environmental conditions other than (1) exposure to weather, (2) extreme cold, (3) extreme heat, (4) wet and/or humid, (5) noise intensity level, (6) vibration, (7) atmospheric conditions, (8) proximity to moving mechanical parts, (9) exposure to electrical shock, (10) working in high, exposed places, (11) exposure to radiation, (12) working with explosives, and (13) exposure to toxic, caustic chemicals.  *See* U.S. Dep't of Labor, SCO (1993), Appendix D.  Additionally, the SCO provides examples of specific Other Environmental Conditions, specifically stating:

> Other Environmental Conditions . . . may include, but are
> not limited to, such settings as demolishing parts of
> buildings to reach and combat fires and rescue persons
> endangered by fire and smoke; mining ore or coal
> underground; patrolling assigned beat to prevent crime or
> disturbance of peace and being subject to bodily injury or
> death from law violators; diving in ocean and being
> subjected to bends and other conditions associated with
> high water pressure and oxygen deprivation; patrolling ski
> slopes prior to allowing public use and being exposed to
> danger of avalanches.

*Id.* Thus, while the occupation of short order cook does not involve exposure to these specific examples of conditions, the SCO makes clear that the list of possible "Other Environmental Conditions" is a non-exhaustive list.

Second, the Court must determine the extent to which Plaintiff is limited by his RFC limitation of "must avoid concentrated exposure to hazards such as unprotected heights and moving mechanical parts." (Tr. at 66). A plain reading of the limitation suggests that Plaintiff must avoid Other Environmental Conditions as they are defined in the SCO. On this point, the Court is not persuaded by the Commissioner's argument that the ALJ only intended to limit Plaintiff's exposure to the hazards of "unprotected heights and moving mechanical parts." Rather, the ALJ's use of the phrase "such as," before listing two discrete examples, functions to show that Plaintiff must avoid concentrated exposure to hazards *including* unprotected heights and moving mechanical parts. (*See id.*). Further, if the ALJ had only intended to limit Plaintiff's exposure to unprotected heights and moving mechanical machinery, there would have been no reason for her to use the broad

term "hazards" while defining Plaintiff's RFC.  Accordingly, the Court finds that, under his RFC, Plaintiff must avoid concentrated exposure to all hazards.

Thus, the issue becomes whether Other Environmental Conditions constitute "hazards" within the meaning of Plaintiff's RFC limitation.  Neither party addresses the definition of hazard in the Joint Memorandum.  (*See* Doc. 24).  Nonetheless, the Court finds that Other Environmental Conditions as defined in the SCO do constitute "hazards" within the RFC's use of the term.  While SSR 96-9p states that hazards "include:  moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals," the Court finds that this list is not exhaustive.  *Titles II & XVI:  Determining Capability to Do Other Work-Implications of A Residual Functional Capacity for Less Than A Full Range of Sedentary Work*, SSR 96-9P, 1996 WL 374185, at *9.  Indeed, an earlier section of SSR 96-9p uses the term "hazards" to refer to "boxes on the floor, doors ajar, [and] approaching people or vehicles."  *Id.* at *8.  Moreover, the SCO's definition of "Other Environmental Conditions" includes multiple examples of what can only be characterized as workplace hazards.  U.S. Dep't of Labor, SCO (1993), Appendix D (describing "Other Environmental Conditions" as settings involving, *inter alia*, rescuing other persons from fires, being subjected to bodily injury from law violators, or being exposed to danger of avalanches); *see also Souto v. Comm'r of Soc. Sec.*, No. 2:17-cv-124-FtM-38CM, 2018 WL 4610605, at *6 (M.D. Fla. July 12, 2018), *report and recommendation adopted*, No. 2:17-cv-124-FtM-38CM, 2018 WL 4002107 (M.D.

Fla. Aug. 22, 2018) (finding that the absence of "other environmental conditions" showed that a plaintiff's prospective jobs did not involve workplace hazards). Accordingly, the Court finds that Other Environmental Conditions constitute hazards as the term is used in Plaintiff's RFC.

Third, the Court finds that the ALJ failed to expand upon her definition of "hazards" during the hearing or in her decision.  (*See* Tr. at 63-76, 87-116). Moreover, neither the ALJ nor Plaintiff elicited specific testimony from the VE regarding whether the frequent Other Environmental Conditions experienced in work as a short order cook involve exposure to hazards.  (*See id.* at 87-116).  Thus, it is unclear how the VE took the limitation on hazards into account in determining Plaintiff's ability to engage in work as a short order cook.  (*See id.* at 103-06).

Therefore, because the DOT states that the short order cook job involves frequent exposure to Other Environmental Conditions, U.S. Dep't of Labor, DOT# 313.374-014, 1991 WL 672717, and the VE identified that Plaintiff could work as a short order cook despite his RFC limitation to "avoid concentrated exposure to hazards such as unprotected heights and moving mechanical parts," (*see* Tr. at 66, 105), the Court finds that an apparent conflict exists between the DOT and the VE's testimony, which the ALJ needed to address.  *See Washington*, 906 F.3d at 1365. Notably, an RFC limitation of no concentrated exposure to hazards does not preclude a plaintiff from engaging in work that involves exposure to Other Environmental Conditions, but rather, requires an ALJ to address and provide a reasonable explanation for a determination that the plaintiff can engage in work

which involves to those potential hazards.  *See id.* at 1366.  Similarly, even if further investigation shows that no actual conflict exists, resolution of this apparent conflict is best left to the ALJ who can elicit input and further testimony from the VE.  *See, generally*, *id.* at 1365-66.  Accordingly, the Court finds that remand to the ALJ is warranted on this issue.

## VI.     Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds that the ALJ erred by failing to consider and address Plaintiff's Post-Hearing Memorandum and by failing to identify and resolve the apparent conflict between the DOT and the VE's testimony.  Accordingly, the Court **ORDERS** that:

1.     The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2.     On remand, the Commissioner must:

(1) consider and address any post-hearing evidence properly submitted by Plaintiff and (2) resolve the apparent conflict between (a) the DOT's description of the short order cook job, (b) Plaintiff's RFC limitation to "avoid concentrated exposure to hazards such as unprotected heights and moving mechanical parts," and (c) the VE's testimony that Plaintiff can perform that occupation.

3.     The Court suspends application of Local Rule 7.01 in this action.  A motion for fees and costs must be filed as a single motion requesting a determination of both entitlement and amount.  If Plaintiff prevails on

remand, Plaintiff must comply with the November 14, 2012 Order

(Doc. 1) in Case Number 6:12-mc-124-Orl-22.

4.      The Clerk of Court is directed to enter judgment accordingly, to

terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 27, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties